IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE LIFE INSURANCE COMPANY** : | **CIVIL ACTION** |
| v.  : | **NO.  22-5001** |
| **BERNADETTE MARIE HAGGERTY, MEGAN F. LENNON DUCA, KRISTIE A. LENNON POOLE, J.P., B.P., N.P., THOMAS J. LENNON, III, MATTHEW R. LENNON** : | |

# ORDER

**AND NOW**, this 28th day of April 2025, upon considering plaintiffs' motion for interpleader, discharge, and dismissal (DI 59), defendant Haggerty's response (DI 73), the Lennon defendants' response (DI 74), plaintiffs' reply (DI 79), defendant Haggerty's motion for summary judgment on the crossclaims (DI 60), the Lennon defendants' opposition (DI 68), defendant Haggerty's reply (DI 69), the Lennon defendants' motion for leave to file sur-reply (DI 76), defendant Haggerty's opposition (DI 77), interpleader plaintiffs' motion to seal (DI 78), and for reasons in the accompanying memorandum, it is **ORDERED**:

1. Plaintiffs' motion for interpleader, discharge, and dismissal (DI 59) is **GRANTED IN PART**. It is further ordered that **(1)** Nationwide shall hold the proceeds related to the Life Insurance Policy, Annuity and Agent Agreement, in the total amount of at least $2,071,792.19 until otherwise ordered by this court; **(2)** Nationwide is discharged from liability with respected to the Life Insurance Policy, Annuity, and Agent Agreement. The rest of the motion is **DENIED**.[1]

---

[1] We decline to award fees and costs to Nationwide in this order. We have discretion to award fees and costs to an interpleader plaintiff who "is (1) a disinterested stakeholder, (2) who

had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." *Metro. Life Ins. Co. v. Kubichek*, 83 F. App'x 425, 431 (3d Cir. 2003); *Mutual of Omaha Ins. Co. v. Dolby*, 531 F. Supp. 511, 516 & n.4 (E.D. Pa. 1982); *see Allstate Settlement Corp. v. United States*, No. 07-5123, 2008 WL 2221897, at *5 (E.D. Pa. May 28, 2008) ("Authority to award a stakeholder costs and fees does not derive from the interpleader statute or the rule, but is an equitable doctrine.").

Here, no party contests that Nationwide meets this standard — except for its failure to deposit the disputed funds. However, that requirement is excused because we approved Nationwide's unopposed request to hold the funds pending resolution of the merits of this dispute. Even so, a fee award remains discretionary, and courts routinely deny such requests when "determining the proper payee of benefits falls squarely in the ordinary course of the plaintiff's business." *Prudential Ins. Co. of Am. v. Est. of Desimone*, No. 11-5063, 2012 WL 5269238, at *2 (E.D. Pa. Oct. 25, 2012); *Fid. Bank v. Com. Marine & Gen. Assur. Co.*, 592 F. Supp. 513, 526 (E.D. Pa. 1984). Furthermore, fees should not be awarded "where the stakeholder interpleaded funds simply to 'free itself from ongoing litigation or the vexation of multiple lawsuits,'" and even where a fee award is appropriate, it should reimburse only the work necessary to institute the suit. *Reliastar Life Ins. Co. v. Moore*, No. 08-1942, 2010 WL 773457, at *4 (M.D. Pa. Mar. 1, 2010) (quoting *Allstate*, 2008 WL 2221897, at *7); *see Manhattan Life Ins. Co. v. Paciello*, No. 22-01949, 2022 WL 16631321, at *3 (D.N.J. Nov. 2, 2022) (quoting *U.S. Life Ins. Co. in the City of N.Y. v. Holtzman*, No. 14-00113, 2015 WL 7458591, at *4 (D.N.J. Nov. 24, 2015)).

The circumstances here do not justify the fee award sought by Nationwide. In *Prudential* and *Allstate*, the courts drew distinctions between interpleader claims involving life insurance policies and those involving tort-related annuity benefits or standalone employee benefits. *See Prudential*, 2012 WL 5269238, at *3; *Allstate*, 2008 WL 2221897, at *7. This case involves competing claims to life insurance proceeds and benefits stemming from an independent contractor agreement made simultaneously by the same parties. No competing claim to the annuity benefits was ever presented to Nationwide. *See* DI 1 ¶¶ 41-51. Because the claims to the insurance, annuity, and employment benefits involve the same parties and substantially the same legal issues, this case more closely resembles the former category of "insurance companies in cases involving insurance benefits" identified in *Prudential*, which typically does not warrant an award of fees. *Prudential*, 2012 WL 5269238, at *3.

Nationwide's interpleader was prompted by conflicting claims to insurance benefits — exactly the type of issue it regularly encounters in the ordinary course of its business. *See Reliastar*, 2010 WL 773457, at *5 (declining to award fees to an insurance company faced with "determin[ing] the appropriate recipient in a case involving multiple claimants to insurance benefits"). Nationwide has not explained, and nor do we understand, why the inclusion of ancillary annuity or employment benefit issues and discovery involving communication with beneficiaries transforms this matter into something exceptional. Furthermore, Nationwide has not directly addressed the Lennon defendants' argument that this interpleader action was filed solely to preempt their intended state-court suit, thereby undercutting the necessity for an

2

      2.      Defendant Haggerty's motion for summary judgment on the crossclaims (DI 60) is **DENIED**.

      3.      The Lennon defendants' motion for leave to file sur-reply (DI 76) is **DENIED AS MOOT**.

---

interpleader proceeding altogether. *See* DI 74-1 at 6-7.

    Yet we recognize the argument that this case is exceptional because some defendants refused to waive service and attempted to evade service. *Cf.* Fed. R. Civ. P. 4(d)(2). The Lennon defendants suggest that this conduct was motivated by a desire to prompt Nationwide to withdraw its complaint, but that hardly seems proper in any situation, much less constituting good cause for failing to comply with Rule 4. *See* DI 74-1 at 6-7. If Nationwide seeks to recover the costs associated with service under Rule 4(d)(2), it may file a separate motion supported by briefing within 7 days of this order, and we will consider that issue at the appropriate time. We will refrain from dismissing Nationwide until either such a motion is resolved or the deadline passes.

4.     The interpleader plaintiffs' motion to seal (DI 78) is **GRANTED**.[2]

5.     We will hold a case management videoconference over Microsoft Teams on **May 1, 2025** at **10:00A.M.** and will send a videoconference link by e-mail to all counsel of record. All parties shall be prepared to discuss setting a date certain for trial.

MURPHY, J.

---

[2] To prevail on a motion to seal, "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). Nationwide asks us to seal billing statements and time records, which are often protected by courts where the descriptions are subject to attorney-client privilege. *See Montgomery Cnty. v. MicroVote Corp.*, 175 F.3d 296, 303-04 (3d Cir. 1999). Here, the document submitted by Nationwide consists almost entirely of privileged information. Disclosure would undermine the purposes of the attorney-client privilege and cause harm to Nationwide. Moreover, because the document is necessary only for resolution of the motion for attorney's fees and costs, and because the total amounts billed are already disclosed in the public briefing, we find that sealing the document is appropriate in this instance.